AO 472  (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

TIMOTHY LEE AUSTIN
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 09-20426-2

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant is charged in two counts with Conspiracy to Distribute Heroin, and to each count a 20 year maximum attaches.
Defendant is 35 years old and is currently serving a sentence at the Gateway Community Corrections Center in Detroit. On January 14, 2009 this Defendant pled guilty to Distribution of Cocaine and on July 15, 2009 was sentenced to six months custody. His criminal record goes back for 12 years. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

November 4, 2009                s/ Mona K. Majzoub
*Date*                          *Signature of Judge*

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V TIMOTHY AUSTIN						PAGE 2

In 1997 he pled guilty to Felony Dangerous Drugs and was sentenced to five years probation. On December 12, 1999 defendant pled guilty to Probation Violation and his probation was continued on a tether.  On February 5, 2001 defendant pled guilty again to Probation Violation and he was sentenced to six months custody.

Less than four months later he pled guilty to a misdemeanor traffic offense and was sentenced to 21 days custody and 18 months probation.

In between that time period Defendant Pled guilty on August 17, 2000 to another Probation Violation and Domestic Violence and was sentenced to one year probation.

On February 27, 2004 Defendant pled guilty to Felony Dangerous Drugs and was sentenced to 90 days probation.

On April 13, 2006 Defendant was sentenced to 10 days custody after pleading guilty to a misdemeanor traffic offense.

On August 5, 2007 Defendant was charged with Misdemeanor Damage to Property and on September 6, 2007 he pled guilty and was sentenced to pone year probation.

Defendant's propensity for violence escalated in 2008.  On January 22, 2008 he was charged with felony assault and on June 5, 2008 he pled guilty to Felony Assault with a Dangerous Weapon and two counts of Domestic Violence and was sentenced to three years probation.

Less than three months later, on April 14, 2008 Defendant was again charged with both Larceny and Domestic Violence.  On June 17, 2008 he pled guilty and was sentenced to 300 days custody.

Most recently, on January 14, 2009 the Wayne County Sheriff's Department charged Defendant with Distribution of Cocaine to which he pled guilty and was sentenced on July 15, 2009 to 6 months custody.  Defendant was currently serving out his this sentence in the Gateway Community Corrections Center in Detroit when he was indicted on the instant charges.  His scheduled discharge date is December 21, 2009.

On February 20, 2009 the 36th District Court in Detroit, Michigan issued a warrant for Defendant's Failure to Appear for traffic offense charges.  He had been placed on a $5000 bond.

Defendant's father is a co-defendant in the instant case. Defendant identifies his father and his mother and his brother as persons with whom he has close community ties.

Defendant admits that for half of his life he has used marijuana on a daily basis (since the age of 18).  He has been employed full time at Bill's Rim and Tires in Detroit for the past five years. He lives with his girlfriend of 10 years (the woman who was the victim of his physical abuse for

the multiple state criminal charges enumerated above).  Defendant has no assets and he pays $300 rent monthly at the Asbury Park address with his girlfriend.

Defendant has established over the years that he presents a danger to the community.  At the time that this indictment was issued he was serving out one sentence in a Corrections Center and he had an outstanding warrant for failure to appear.  He has violated his probation three times in the past, and based upon the frequency of events appearing on the NCIC/LIEN query, he appears not to have been deterred by the any or all of his multiple criminal sentences.  His activities and involvement with felony drugs have not abated.  He uses marijuana on a daily basis.  He now finds himself in this court facing federal charges, both of which carry 20 year maximum sentences.  This court has heard nothing that rises to the level of rebutting the presumption of detention.

This court does not believe that there are any conditions of bond which would ensure the safety of the community should this defendant be released back into the community (upon his discharge from the criminal corrections center where he now resides) and the court is not confident that this defendant would be able to comply with conditions of bond under the circumstances.  The presumption has not been rebutted.  Detention is Ordered.